United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| Dallas Tillman d/b/a Get it Girl Landscape<br><br>Plaintiff<br><br>v.<br><br>Engin Bozdag<br><br>Defendant | No. 1:23-cv-1014<br><br>Jury Demanded |

# Original Complaint

Plaintiff Dallas Tillman d/b/a Get it Girl Landscape files this Original Complaint against Defendant Engin Bozdag and for cause of action would show the Court as follows:

## Parties

1.  Plaintiff Dallas Tillman d/b/a Get it Girl Landscape is an individual doing business as Get it Girl Landscape with its principal place of business in Austin, Texas which is in this Judicial District.

2.  Upon information and belief, Defendant Engin Bozdag is an individual who resides in this Judicial District and the service area of this Division.

3.  Defendant Engin Bozdag may be served at his personal residence Cedar Park, Texas.

1

## Jurisdiction

4. This is an action for Federal Anti-cybersquatting, Texas Common Law Defamation, Texas Common Law Tortious Interference with Prospective Business Relations, Texas Common Law Business Disparagement, and Texas State Creation of Fraudulent Web Page.

5. The claim for Federal Anti-cybersquatting arises under 15 U.S.C. § 1125(d).

6. The claims for Texas Common Law Defamation, Texas Common Law Tortious Interference with Prospective Business Relations, Texas Common Law Business Disparagement arise under the common law of the State of Texas.

7. The claim for Texas State Creation of Fraudulent Web Page arises under Tex. Bus. & Com. Code § 325.004.

8. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1331, 1338.

9. The Court has supplemental jurisdiction over the State of Texas claims in the lawsuit under 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendant because they reside in this Judicial District and in the Division served by this Court.

## Venue

11. Venue is proper under 28 U.S.C. §§ 1391(a)-(d).

## Plaintiff's Damaged Intellectual Property

12. Plaintiff's Intellectual Property damaged by the Defendant is Dallas Tillman d/b/a Get it Girl Landscape. Both the Plaintiff's personal name and the DBA name are common law trademarks of the Plaintiff.

13. Plaintiff's Products and/or Goods/Services that use the above Intellectual Property are providing landscaping and home decorating services.

14. Plaintiff owns the entire right, title, and interest in the above Trademarks.

15. Plaintiff is in the business of landscaping and home décor services.

16. Plaintiff is the owner of the trademarks as described above and has continuously used those marks in connection with landscaping since 2020.

17. Plaintiff's trademark(s) are inherently distinctive as it/they neither serve as a name for the above goods and/or services themselves nor describe any quality, characteristic, or ingredient of the above goods and/or service.

18. Plaintiff has used and promoted its trademark(s) on various internet sites that include Facebook (Exhibit 1), Instagram (Exhibit 2), Alignable (Exhibit 3), and since the posting of the false material as described below, at getitgirlhome.com (Exhibit 4).

19. As a result of the extensive use and promotion, Plaintiff's trademark(s) have acquired a favorable reputation to consumers as an identifier and symbol of Plaintiff and its products, services, and goodwill. Accordingly, the trademark(s) are strong and entitled to broad protection.

20. Plaintiff continues to invest substantial time and money in promoting its goods and/or services offered under the trademark(s).

**Defendant's Infringing Domain Names**

21. On information and belief, Defendant is the owner or in control of the domain names for: (a) dallastillman.com, and (b) getitgirllandscape.com.

**Facts**

22.     Plaintiff is a woman owned, small business that has been in the landscaping business since 2020.

23.     Defendant's false statements arose out of a job for landscaping services that Plaintiff performed for the Defendant and his spouse.

24.     On or about March 30, 2023, Defendant's spouse contacted Plaintiff to begin the process of negotiating the landscaping project that underlies the false statements. The initial bid was submitted to Defendant and his spouse on April 11, 2023. The Defendant's spouse did due diligence on the Plaintiff by asking for and interviewing approximately 6 references.

25.     The Plaintiff and Defendant's spouse went back and forth for several revisions of the original bid before it was finally accepted, and the initial payment was provided on May 22, 2023. The value of the accepted contract was $33,250.00. During the negotiations, Plaintiff only dealt with Defendant's spouse.

26.     The landscaping project started on June 19, 2023. As is typical of any large landscaping projects, there were challenges along the way that included: equipment breakdowns, unforeseen issues with the property such as massive amounts of poison ivy that needed to be removed, ants and other insects that needed to be killed, numerous changes to the project due to issues such as unforeseen ground issues, supply issues, small changes in the scope of the project, and otherwise.

27.     Throughout all of the initial parts of the project, Plaintiff dealt exclusively with Defendant's spouse.

28. Between July 3 and July 7, Defendant made demands and wanted additional services that were not in the original contract that included the addition of more gravel for the project and replacement sod for the landscaping.

29. On or about July 7, 2023, Plaintiff requested to meet with both Defendant and his spouse. Again, Defendant refused to directly meet with Plaintiff and sent his spouse instead to talk with Plaintiff. At this point, Defendant's spouse made a demand that Defendant would not pay the remainder of the agreed contract unless Plaintiff performed work that was not in the contract and that Plaintiff would have to absorb all the additional costs at a loss.

30. On or about July 8, 2023, Plaintiff engaged legal counsel to help in finishing the landscaping project because Plaintiff was concerned about the non-payment of the final $8350 on the original contract plus an additional $2000 for a tile subcontractor to do additional work that was agreed to by Defendant's spouse.

31. On or about July 8, 2023, Plaintiff informed Defendant that she will finish the project as specified in the original contract and the prior amendment without making any more changes or alterations.

32. The landscape project was completed on July 25, 2023. Plaintiff did not receive information about any more items that needed to be corrected. Defendant paid the final payment on July 25, 2023.

33. On or about August 4, 2023, Plaintiff discovered that two websites on the internet had appeared containing false statements regarding the project that she had recently completed for Defendant. The first website is getitgirllandscape.com (Exhibit 5 captured on 08-06-2023), which is the business name and common law trademark of Plaintiff. The

other website is dallastillman.com (Exhibit 6 captured on 08-06-2023), which is the personal name, business name, and common law trademark of Plaintiff.

34. The Whois information for these domains masks the identity of the true owner of the domains. See Exhibit 6 for the Whois information for getitgirllandscape.com and see Exhibit 7 for the Whois information for dallastillman.com. The Whois information for both domains shows that these domains were registered on July 7, 2023, which was several weeks before the completion of the work on July 25, 2023.

35. On information and belief, Defendant first posted content on dallastillman.com on or about July 17, 2023. See Exhibit 11 for a Wayback Internet Archive listing showing content creation date.

36. On information and belief, Defendant is the owner or in control of the domain names for: (a) getitgirllandscape.com, and (b) dallastillman.com. Being the owner or in control of the domain names means that the Defendant is responsible for the content. The descriptions and pictures describe the project that Plaintiff completed for Defendant. On August 6, 2023, Plaintiff's counsel emailed counsel (at that time) for the Defendant a request to take down both websites (Exhibit 5 and 6) and transfer the domains to Plaintiff. See Exhibit 8. In this email, Plaintiff's counsel stated that the information was factually incorrect and was detrimental to Plaintiff's business and personal reputation and was causing economic harm.

37. Defendant did not take the content down nor transfer the ownership to the Plaintiff, but the content of the two websites changed the next day by the Defendant removing some but not all of the false information. See Exhibit 9 for getitgirllandscape.com captured on 08-07-2023 and Exhibit 10 for dallastillman.com also captured on 08-07-2023.

38. The fact that Defendant registered getitgirllandscape.com and dallastillman.com several weeks before the completion of the landscape project shows Defendant acting in bad faith because he planned to put false statements regarding the Plaintiff on the internet before the project was completed. On information and belief, Defendant personally profited by this act by causing economic harm to the Plaintiff.

39. The content on these websites appeared in Internet searches for potential business prospects searching for more information about Plaintiff and her landscaping business. Therefore, any potential business prospects would see the internet listings on these websites with the false statements, where other listings presented Plaintiff with positive reviews and other descriptive information regarding Plaintiff. Defendant solicits further inquiries by including an email address to contact him.

40. The content on these websites purports to be a legitimate website with reviews and other information regarding Plaintiff.

41. On information and belief, Defendant willfully and intentionally interfered with Plaintiff's prospective business relationships by putting the false statements on the internet.

42. There is no type of privilege relationship between Plaintiff and Defendant.

43. Plaintiff does not know when the false content first appeared on the two websites, but with the above facts, the content appeared sometime between July 17, 2023, and August 4, 2023.

44. The content for getitgirllandscape.com and dallastillman.com as of the date of the filing of this Complaint is substantially the same as shown in Exhibits 9 and 10.

45.     On information and belief, Plaintiff lost one or more business opportunities due to the false statements on the websites that existed as of 08-06-2023.

46.     Plaintiff has not been able to close any business deals for new work from new contacts as of the date of this Complaint.

## Count 1     Federal Anti-cybersquatting

47.     Plaintiff's trademark(s) are distinctive and/or famous.

48.     Defendant's domain name(s) are identical or confusingly similar to Plaintiff's trademark(s).

49.     Defendant registered the domain name(s) in bad faith with an intent to receive value from the act of registration.

50.     Defendant's actions, as described above, constitute Federal Anti-cybersquatting under 15 U.S.C. § 1125(d).

## Count 2     Texas Common Law Defamation

51.     Defendant published a false and defamatory statement.

52.     Defendant, without regard to the truth of the statement, was: (a) acting with actual malice, (b) negligent, or (c) liable without regard to fault (strict liability).

53.     Plaintiff suffered damages.

54.     Defendant's actions, as described above, constitute Texas Common Law Defamation in violation of the common law of the State of Texas.

## Count 3     Texas Common Law Tortious Interference with Prospective Business Relations

55.     Defendant published a false and defamatory statement.

56.     Defendant was willfully and intentionally interfering with Plaintiff's prospective business relationships.

57. Defendant's act of interference is independently tortious.

58. Plaintiff would have reached an agreement with one or more customers to begin a business relationship but for Defendant's defamatory statements.

59. Plaintiff suffered damages.

60. Defendant's actions, as described above, constitute Texas Common Law Tortious Interference with Prospective Business Relations in violation of the common law of the State of Texas.

### Count 4    Texas Common Law Business Disparagement

61. Defendant published a disparaging statement that was false and defamatory.

62. Defendant acted with malice in publishing the disparaging statement.

63. Defendant made the statement with a lack of privilege.

64. Plaintiff suffered special damages.

65. Defendant's actions, as described above, constitute Texas Common Law Business Disparagement in violation of the common law of the State of Texas.

### Count 5    Texas State Creation of Fraudulent Web Page

66. Defendant created one or more web pages or Internet domain names that are represented as a legitimate online business without the authorization of the Plaintiff.

67. Defendant used the web page(s) or links to the web page(s), the domain name(s), or another site on the Internet to induce, request, or solicit another person to provide identifying information for a purpose that such other person believes is legitimate.

68. Defendant's actions, as described above, constitute Texas State prohibited creation and use of a web Page or domain name for fraudulent purposes under Tex. Bus. & Com. Code § 325.004.

## Demand for Jury Trial

69. Plaintiff requests a trial by jury on all triable issues.

## Prayer

Plaintiff asks for judgment in its favor against Defendant for the following:

a. The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from using the domain names dallastillman.com, getitgirl.com, or confusingly similar domain names.

b. The Court order that Defendant transfer ownership of the domain names to Plaintiff that include at least (a) dallastillman.com, (b) getitgirl.com, and any other related domains.

c. The Court enjoin Defendant from making false statements about Plaintiff or Plaintiff's Legal Counsel.

d. The Court enjoin Defendant from owning or publishing to any domain name that would create a likelihood of confusion with any trademark or domain name of Plaintiff.

e. The Court declare that Defendant infringes Plaintiff's Intellectual Property and rights as described above.

f. The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from further acts of infringement.

g.     The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from using Plaintiff's Intellectual Property as described above in a likely to be confusingly similar manner.

h.     The Court order that Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, be preliminarily and permanently enjoined from competing unfairly with Plaintiff's Intellectual Property as described above.

i.     The Court order Defendant, together with any and all parent or affiliated companies or corporations, and all officers, directors, agents, servants, employees, distributors, attorneys and all others acting in privity or through them, to deliver for destruction, or show proof of destruction of all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference Plaintiff's Intellectual Property or any other confusingly or substantially similar mark(s), and all materials or articles used for making or producing same.

j.     The Court issue an order against Defendant for an accounting of profits in respect of the infringement.

k.     Plaintiff recover all damages it has sustained because of Defendant's infringement and unfair competition, increased as the Court determines is appropriate to the circumstances of this case.

l.  Plaintiff recover lost profits it has sustained as a result of Defendant's false statements.

m.  Plaintiff recover Defendant's profits resulting from their infringement and unfair competition, increased as the Court determines is appropriate to the circumstances of this case.

n.  Plaintiff recover supplemental damages and/or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed.

o.  The Court declare this case an exceptional case and award Plaintiff its reasonable attorney fees for prosecuting this suit.

p.  Plaintiff recover their costs of this suit.

q.  Plaintiff recover prejudgment and post judgment interest as authorized by law.

r.  Plaintiff have all other relief the Court deems appropriate.

Date: August 28, 2023									Respectfully submitted,

*/s/ Matthew J. Booth*
Matthew J. Booth

Matthew J. Booth
Matthew J. Booth PC
Texas Bar No. 02648300
5501A Balcones Drive, Suite 301
Austin, Texas 78731
Tel:   +1 (512) 474-8488
Fax:  +1 (512) 596-2875
matthew.booth@boothlaw.com

H. Dale Langley, Jr.
The Law Firm of H. Dale Langley, Jr., P.C.
Texas Bar No. 11918100
1803 West Avenue
Austin, Texas78701
Tel:   +1 (512) 477-3830
Fax:  +1 (512) 597-4775
dlangley@iptechlaw.com

Legal Counsel for Plaintiff
Dallas Tillman d/b/a Get it Girl Landscape